UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                           :
MICHAEL DELUZIO and JANE EVANS,            :    Civil Action No. 06-6220 (FLW)
                                           :
            Plaintiffs,                    :
                                           :
      v.                                   :    OPINION
                                           :
FAMILY GUIDANCE CENTER OF WARREN           :
COUNTY,                                    :
                                           :
            Defendant.                     :
_____:

**WOLFSON, District Judge:**

       Defendant Family Guidance Center of Warren County ("Defendant") files the present motion to dismiss Plaintiff Michael Deluzio's ("Deluzio") claims for failing to meet the statutory 90-day time requirement of 42 U.S.C. § 2000e-5(f)(1). Specifically, Defendants contend that Plaintiff Deluzio failed to file his Complaint within the 90-day time frame, as prescribed by statute, after receiving his Right-to-Sue Letters from the Equal Employment Opportunity Commission ("EEOC") and, therefore, Plaintiff Deluzio's alleged discrimination claims based on race, sex, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") should be time barred. Initially, the Court is confronted with the issue of whether Plaintiff Deluzio filed his Complaint within the permitted time period; if not, whether Plaintiff Deluzio has presented any equitable circumstances to toll the statute of limitations. For the reasons set forth below, the Court determines that Plaintiff Deluzio indeed failed to file within the 90-day period, and since equitable tolling doctrine does not apply in the instant case, Defendants' motion is GRANTED and Plaintiff Deluzio's claims are DISMISSED.

I.     **Facts and Procedural History**

As this Opinion specifically addresses the statute of limitations issue, the Court will only recount relevant facts pertaining to this matter. Plaintiffs Deluzio and Jane Evans ("Evans") (collectively, "Plaintiffs") were hired by Defendant as Family Crisis Intervention Unit Clinicians. In February 2005, Plaintiffs' coordinator, Ms. Michele Scrubb, allegedly began speaking to Plaintiffs in a degrading and harassing manner based upon their race and sex. After Plaintiffs filed a formal grievance against Ms. Scrubb, Ms. Scrubb allegedly further acted in a condescending way towards Plaintiffs, which substantially interfered with their work and hindered them in fulfilling their job requirements. Ultimately, in April 2006, due to the alleged hostile work environment, stress and humiliation, Plaintiff Evans resigned.

Plaintiff Deluzio, however, filed a charge of discrimination based upon race, gender and retaliation with the EEOC on March 25, 2006. The EEOC designated this as Charge No. 503-2006-00374 (the "March Charge"). Subsequently, on June 8, 2006, Defendant terminated Plaintiff Deluzio's employment via mail stating that he failed to obtain the necessary license to provide therapy to patients. On August 1, 2006, Plaintiff Deluzio filed another charge with the EEOC, No. 520-2006-03323 (the "August Charge"), in which he alleged retaliation by Defendant.

With regard to the March Charge, the EEOC mailed a Dismissal and Notice of Rights to Plaintiff Deluzio on September 5, 2006 ("Right-to-Sue Letter I"). This document advised Plaintiff Deluzio that the EEOC was "closing its file on this charge" as it was "unable to conclude that the information obtained establishes violations of the statutes." See Right-to-Sue Letter dated September 5, 2006. The Right-to-Sue Letter I explicitly advised Plaintiff Deluzio that he had ninety days from receipt of the letter to file a suit against Defendant. Id.

With regard to the August Charge, the EEOC mailed a Dismissal and Notice of Rights to Plaintiff Deluzio on September 12, 2006 ("Right-to-Sue Letter II").  See Right-to-Sue Letter dated September 12, 2006.  Again, this letter advised Plaintiff Deluzio regarding the 90-day suit limitations period.  Id.  Likewise, the Right-to-Sue Letter II was sent to Plaintiff Deluzio's counsel, Peter G. Loftus, Esq., on September 12, 2006.  Mr. Loftus also appeared before the EEOC on July 28, 2006, on behalf of Plaintiff Evans, who filed a charge of discrimination against Defendant at that time.

Mr. Loftus, as co-counsel with Ms. Kristin Accardi, Esq., signed and filed a Complaint on behalf of both Plaintiffs on December 27, 2006.  The Complaint is based on the same allegations of Title VII discrimination and retaliation that are found in Plaintiffs' respective EEOC charges.  The Complaint does acknowledge that Plaintiffs received Right-to-Sue letters from the EEOC during the 90-day period preceding the Complaint being filed.  Complaint at ¶ 4.

Defendant now contends that Plaintiff Deluzio's Complaint was filed 110-days after his presumed receipt of Right-to-Sue Letter I (i.e., from September 5, 2006 to December 27, 2006, including a presumption of three mailing days).  Defendant further contends that the Complaint was filed 103-days after the presumed receipt of Right-to-Sue Letter II by Plaintiff Deluzio and his attorney (i.e., from September 12, 2006 to December 27, 2006, including a presumption of three mailing days).  As such, Defendant requests the Court dismiss Plaintiff Deluzio's Complaint in its entirety for violating 42 U.S.C. § 2000e-5(f)(1).

## II.     Legal Standard

In reviewing a motion to dismiss on the pleadings, a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the plaintiff. See Gomez v. Toledo, 446 U.S. 635, 636 n. 3 (1980); Robb v. Philadelphia, 733 F.2d 274, 277 (3d Cir.1984). If no relief could be

3

granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim. See Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986).  Recently, in Bell Atlantic Corporation v. Twombly, the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. Thus, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.

**III.    Statute of Limitation**

In pertinent part, 42 U.S.C. § 2000e-5(f)(1) provides that the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."  42 U.S.C. § 2000e-5(f)(1).  Interpreting this statute in the context of a Title VII claim, the Third Circuit, in Mosel v. Hills Dept. Store, Inc., 789 F.2d 251 (3d Cir. 1986), has construed this provision to mean that the 90-day time period for a plaintiff to file a complaint pursuant to Section 2000e-5(f)(1) "begins to run when the plaintiff has notice of the EEOC decision; this usually occurs on the date he receives a right-to-sue letter." Id. at 252. Usually, "counsel's receipt of a right-to-sue letter is imputed to plaintiff." Id. at 252, n.1 (citing Josiah-

4

Faeduwor v. Communications Satellite Corp., 785 F.2d 344 (D.C. Cir. 1986) (per curiam)).

Here, the Court must first initially decide whether Plaintiff Deluzio has introduced sufficient evidence to identify the date on which he or his counsel, Mr. Loftus, received the EEOC's right-to-sue letter, for it is from that date that the Court determines whether Plaintiff Deluzio's Complaint was timely filed in federal court.  If Plaintiff Deluzio has failed to do so, the Court will apply the Federal Rule's presumption that a party receives a document three days after it was mailed.  See Fed. R. Civ. P. 6(e); see also Seitzinger v. The Reading Hospital and Medical Center, 165 F.3d 236, 238-39 (3d Cir. 1999).

Defendant urges the Court to find that Plaintiff Deluzio failed to file within the 90-day period after receiving Right-to-Sue Letters I and II.  Specifically, Defendant contends that since Right-to-Sue Letter I was sent to Plaintiff Deluzio on September 5, 2006 by the EEOC and after providing Rule 6(e)'s three-day presumption, the Complaint was filed 110 days after receiving the letter. Moreover, since Right-to-Sue Letter II was sent by the EEOC on September 12, 2006, and after allowing three additional days for mailing, the Complaint was filed 103 days after receiving the second letter.  Notwithstanding Defendant's arguments, the Court  will utilize the date on which Plaintiff Deluzio received the Right-to-Sue Letter II, because the underlying complaint of both charges arose from the same set of facts.

Plaintiff Deluzio submits that his counsel, Mr. Loftus, actually received the Right-to-Sue Letter II on September 21, 2006, as indicated by the date stamp on the letter placed by Mr. Loftus' office.  See Right to Sue Letter II.  As such, the filing of the Complaint was only 97 days after the notice was received, instead of the 103-day calculation by Defendant.  Curiously, the Court notes that in addition to the September 21, 2006 date stamp, there is another stamp on the document

indicating a "Posted date" of 16th day of the year 2007; however, the month of the date is illegible. Not having conducted a hearing on the date of the stamp, and viewing the pleadings in the light most favorable to Plaintiff, the Court will utilize, pursuant to the representation of counsel, September 21, 2006 as the received date. Accordingly, since the Right-to-Sue Letter II was received on September 21, 2006, and the Complaint was filed on December 27, 2006, the Court finds, which Plaintiff Deluzio concedes, that the Complaint was untimely filed since it was filed seven days beyond the 90-day period. Despite the late filing, Plaintiff Deluzio urges the Court to toll the statute of limitations based upon equitable circumstance. The Court will next turn to whether tolling the time period is justified.

**IV.    Equitable Tolling**

Under equitable tolling, plaintiffs "may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger, 165 F.3d at 240 (citing Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998)); Matthew v. Little, No. 92-1114, 1992 U.S. Dist. LEXIS 11559, *2 (E.D. Pa. July 31, 1992). The burden is on a plaintiff to justify equitable tolling. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); see also Buckalew v. EBI Companies, No. 01-3232, 2002 U.S. Dist. LEXIS 10843, *12 (E.D. Pa. June 5, 2002). The case law is instructive. The Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit, or where the court has misled the plaintiff into believing that she had done everything required of her. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). In United States v. Midgley, 142 F.3d 174 (3d Cir. 1998), the Third Circuit expressed a willingness to invoke equitable tolling in a number of other circumstances: when the

defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum.  See Id. at 179; Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

Although the Supreme Court has repeatedly recognized the equitable tolling doctrine, it has also cautioned that "procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin, 466 U.S. at 152.  The Third Circuit, too, has exercised caution in using the doctrine.  See Mosel, 789 F.2d at 253.  It "emphasized the importance of adhering to the EEOC's ninety-day filing period, holding that 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Seitzinger, 165 F.3d at 240 (quoting Mosel, 789 F.2d at 253). Therefore, the Third Circuit approaches the doctrine warily and, thus, has held that mere inadvertence of counsel is not enough.  Id. at 241.  For an attorney's mistake or misconduct to constitute grounds for equitable tolling, it must be shown that the attorney's mistake or misconduct was more than garden variety neglect. Id.; Price v. Schwan's Home Services, Inc., No. 05-220, 2006 U.S. Dist. LEXIS 16085, *17 (W.D. Pa. March 31, 2006); Buckalew, 2002 U.S. Dist. LEXIS 10843 at *13 ("attorney error or negligence does not warrant equitable tolling" (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

As the Court must sparingly use the equitable tolling doctrine, Plaintiff Deluzio has simply failed to present any circumstances to justify equitable tolling.  Plaintiff Deluzio's only reasoning for the untimely filing is based on an attorney error.  Mr. Loftus, a pro hac vice attorney licensed in the State of Pennsylvania, is sponsored by Ms. Accardi, a licensed attorney in New Jersey.  On

December 20, 2006, Mr. Loftus forwarded the Complaint to Ms. Accardi for filing.  Based on Ms. Accardi's Affidavit, she encountered difficulties in attempting to file the Complaint online with the Court.  Ms. Accardi explained that because of her bankruptcy practice, she was not "very familiar with the Civil Litigation filing system."  Accardi Aff. at ¶ 12.  The Court finds this argument unpersuasive.  While Ms. Accardi did state that due to the Christmas season, she was unable to reach the Clerk's Office to ascertain why the Complaint could not be filed, it strains the Court to imagine why it would take Ms. Accardi seven days to resolve a filing issue, particularly since the Clerk's office was in operation on December 20th, 21st, 22nd and 26th.[1]  Moreover, Ms. Accardi took no action to have the Complaint personally delivered or otherwise filed.  The Court also notes that the New Jersey Bankruptcy Court has a similar electronic filing system as the District Court.  Notwithstanding the time it took Ms. Accardi to file the Complaint, the hardship that Ms. Accardi encountered, due to a lack of experience, certainly does not amount to "extraordinary circumstance."  Rather, as the Third Circuit has advised, this is merely a garden variety of mistake and neglect, a reason not deserving of equitable tolling.  See, e.g., Seitzinger, 165 F.3d at 241.  Accordingly, the Court concludes that Plaintiff Deluzio has failed to file his Complaint on a timely basis; and he has failed to justify the application of the equitable tolling doctrine.

---

[1] The Court is constrained to note that even giving Plaintiff Deluzio every favorable inference as to when Right-to-Sue Letter II was received (i.e., September 21, 2006), December 20, 2006 was the last day of the 90-day period to file suit – the eleventh hour.

**V.     Conclusion**

For the reasons stated herein, Defendant's motion to dismiss is granted; and Plaintiff Deluzio's claims against Defendant are dismissed.


Dated: October 9, 2007

  /s/  Freda L. Wolfson
The Honorable Freda L. Wolfson,
United States District Judge